IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, #286806, ) | Case No. 2:21-cv-02025-RMG |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Warden K. Sharpe, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11) recommending that the Court dismiss Petitioner's petition without prejudice and without requiring the Warden to respond. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition without prejudice.

**I.     Background**

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

As outlined in greater detail in the R&R, (Dkt. No. 11 at 1-3), on June 26, 2007, Petitioner pled guilty in South Carolina state court to two counts of armed robbery; assault and battery with intent to kill ("ABWIK"); and kidnapping. Petitioner was sentenced to a total of twenty-five years' imprisonment. Petitioner filed three post-conviction relief ("PCR") petitions in state court—all of which were denied.

While Petitioner's second PCR was pending, Petitioner filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging: fraud in prior state court actions involving certain unrelated traffic violations; misrepresentations by the solicitor and police in carrying out Petitioner's arrest; and ineffective assistance of counsel. (Case No. 2:13-cv-2651-

RMG). On July 18, 2014, the district court denied the habeas petition on the basis that Petitioner's claims were barred by the applicable one-year statute of limitations for habeas relief and that, in any case, Petitioner's claims were meritless.

On July 15, 2015, Petitioner filed a second habeas action pursuant to § 2254, again alleging ineffective assistance of counsel—a petition which the Court dismissed on October 14, 2015 as an unauthorized second or successive petition under § 2244. (Case No. 2:15-cv-2782-RMG).

On July 6, 2021, Petitioner filed the instant petition pursuant to § 2241. Petitioner argues that the South Carolina legislature's repeal of S.C. Code § 16-3-620, which established the common law offense of ABWIK, entitles him to immediate release from custody. *See* S.C. Code Ann. § 16-3-620 (1976), *repealed by* Act No. 273 § 7.A (2010); (Dkt. No. 1); (Dkt. No. 1-1 at 7-11). Petitioner also seems to request a new trial in an apparent attempt to withdraw his guilty plea. (*Id.* at 14-18).

On August 23, 2021, the Magistrate Judge filed an R&R recommending that Petitioner's petition be dismissed without prejudice and without requiring the Warden to respond. (Dkt. No. 11). On August 31, 2021, Petitioner requested an extension of time to respond to the R&R. The Court granted the request and extended the deadline for Petitioner to file objections to the R&R to October 7, 2021. (Dkt. No. 14).

On October 14, 2021, Petitioner filed objections to the R&R. (Dkt. No. 16).

## II.  Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner filed objections to the R&R, the R&R is reviewed de novo.

**III.   Discussion**

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the instant petition should be dismissed without prejudice.

First, the Magistrate Judge correctly observed that because Petitioner is in custody pursuant to a state court judgment and seeks to challenge the validity of that conviction and sentence, Petitioner's petition, though filed under § 2241, must be characterized as a petition under § 2254. *See, e.g.*, *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016); *Long v. Warden, Lieber Corr. Inst.*, No. 6:20-cv-197-TMC-KFM, 2020 WL 8922854, at *3 (D.S.C. Feb. 14, 2020), *adopted by*, 2020 WL 8922858 (D.S.C. Mar. 6, 2020) ("The majority trend in federal jurisprudence, including the Fourth Circuit, is that a state prisoner's challenge to the manner of execution of his sentence should be raised under § 2254.").

Second, as correctly noted in the R&R, the Court lacks jurisdiction to hear this petition because it is a second and/or successive petition under § 2244(b) and Petitioner does not appear to have received authorization from the Fourth Circuit Court of Appeals to pursue this action.[1] *See*

---

[1] In fact, shortly before this action was initiated, it appears Petition submitted a motion to the Fourth Circuit seeking authorization to file a successive application under 28 U.S.C. § 2254 (*See* App. Case No. 21-160). The Fourth Circuit denied his request by order dated April 26, 2021.

*In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) (noting that the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."). In the absence of this required authorization, a district court has no jurisdiction to consider the merits of a successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition). Because the present § 2254 petition constitutes an unauthorized successive petition, the Court cannot consider the merits of Petitioner's claims and must therefore dismiss this action in its entirety.[2] Petitioner filed objections which the Court addresses below.

The Court overrules Petitioner's objections. (Dkt. No. 16). Petitioner's objections do not challenge a particular portion of the R&R nor the substance of the Magistrate Judge's analysis. Instead, Petitioner argues, in vague terms, that unnamed prison officials are "manipulat[ing]" Petitioner's "classification level" to impede Petitioner from prosecuting this action. *See* (*id.* at 1) (arguing, *inter alia*, that Petitioner does not have access to the law library). To the extent Petitioner believes he is currently subject to unconstitutional conduct on the part of certain prison officials, Petitioner may file a separate action pursuing such claims. Otherwise, as Petitioner does not

---

[2] As the Magistrate Judge also noted, even if the Court could consider Petitioner's petition, it would fail on the merits. *See, e.g., Washington v. Moseley*, No. 5:18-cv-1292-HMH-KDW, 2018 WL 6112364, at *3 (D.S.C. Aug. 13, 2018), *adopted by*, 2018 WL 5095148 (D.S.C. Oct. 19, 2018), *aff'd*, 771 F. App'x 193 (4th Cir. 2019) (explaining that repeal of S.C. Code Ann. § 16-3-620 did not impact petitioner's sentence where he pled guilty to ABWIK long before the repeal went into effect).

dispute the fact that the instant successive petition is unauthorized, Petitioner's "objections" are immaterial, and the Court overrules them.

## IV.   Certificate of Appealability

A Certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  Where the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that this Court lacks jurisdiction over Petitioner's clearly unauthorized successive petition.

## V.   Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the order of Court and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 22, 2021
Charleston, South Carolina